14 A.3d 749

IN THE MATTER OF ANTHONY N. PICILLO, AN ATTORNEY AT LAW (ATTORNEY NO. 005791991).

March 30, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–233, in which a five-member majority concluded that **ANTHONY N. PICILLO** of **WEST ORANGE,** who was, admitted to the bar of this State in 1991, should be censured for violating *RPC* 1.8(a) (prohibited business transaction with client), *RPC* 1.15(a) (negligent misappropriation of funds), *RPC* 1.15(d) (recordkeeping violations), *RPC* 8.1(a) (false statement in connection with a disciplinary matter), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And four members of the Disciplinary Review Board having concluded that respondent should be suspended from the practice of law for a period of three months;

And **ANTHONY N. PICILLO** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a period of suspension is required because of the seriousness

of respondent's conduct in violation of *RPC* 8.4(c), taken together with the other unethical conduct established;

And good cause appearing;

It is ORDERED that **ANTHONY N. PICILLO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective April 29, 2011; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.